WILLIAM A. MOLINSKI (SBN 145186)
wmolinski@orrick.com
DAVID P. FUAD (SBN 265193)
dfuad@orrick.com
KRISTOPHER L. PEERALI (SBN 322090)
kpeerali@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017-5855
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Plaintiff
PLATINUM RAPID FUNDING GROUP LTD.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLATINUM RAPID FUNDING GROUP LTD., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL ENTERPRISE CONSTRUCTION INC., a California corporation; LUNA CUSTOM POOLS, INC., a California Corporation; JOSE ROBERTO LUNA PEREZ, an individual; LUNA ENTERPRISE CONSTRUCTION INC., a California corporation; REYNA MARIA LUNA, an individual; ROSA MARIA LUNA, an individual; ROYAL MOON POOLS INC., a California corporation; RR & SONS CONCRETE CORP., a California corporation; and DOES 1-20,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) FRAUDULENT CONVEYANCE**<br>**(2) SUCCESSOR LIABILITY**<br>**(3) CIVIL CONSPIRACY**<br>**(4) DECLARATORY RELIEF** |

Plaintiff Platinum Rapid Funding Group Ltd. ("Platinum"), hereby files this Complaint against Defendants Royal Enterprise Construction Inc.; Luna Custom Pools, Inc.; Jose Roberto Luna Perez; Luna Enterprise Construction Inc.; Reyna Maria Luna; Rosa Maria Luna; Royal Moon Pools Inc.; RR & Sons Concrete Corp.; and Does 1-20 (collectively, the "Defendants"), and alleges as follows:

## INTRODUCTION

1. Platinum is a merchant cash advance company that provides working capital to small and medium-size businesses by purchasing a portion of the merchant's future accounts receivable. Defendant Luna Custom Pools, Inc. ("Luna Custom Pools") is a high-end pool contractor. Platinum purchased the future accounts receivable of Luna Custom Pools on eight occasions. Each purchase was memorialized by a Merchant Agreement between Platinum and Luna Custom Pools, executed by Defendant Jose Roberto Luna Perez ("Jose Luna Perez") on behalf of Luna Custom Pools.

2. Luna Custom Pools has breached three of the Merchant Agreements by failing to remit to Platinum the agreed portion of its accounts receivable. Luna Custom Pools appears to have ceased operating and re-opened under a different name and in a different location to avoid performance under the Merchant Agreements.

3. Platinum is informed and believes, and thereon alleges, that Luna Custom Pools has also transferred its assets, including the future accounts receivable that it sold to Platinum, to a series of successor entities or persons to avoid payment to Platinum.

4. Platinum is in the process of obtaining New York state judgments against Luna Custom Pools arising from Luna Custom Pools' breaches of the Merchant Agreements. Platinum intends to domesticate those New York judgments in California as sister-state judgments. Platinum brings this action in California against Luna Custom Pools and the various recipients of its assets in order to

recover the funds that are due to Platinum and to amend any judgments against Luna Custom Pools to include the other Defendants.

## **PARTIES**

5. Platinum is, and at all times herein mentioned was, a corporation registered in the state of New York.

6. Platinum is informed and believes, and thereon alleges, that Defendant Luna Custom Pools is a California corporation with its principal place of business in Kern County, California.

7. Platinum is informed and believes, and thereon alleges, that Defendant Jose Roberto Luna Perez is or was the owner of Luna Custom Pools and is a resident of Kern County, California.

8. Platinum is informed and believes, and thereon alleges, that Defendant Reyna Maria Luna ("Reyna Luna") is a resident of Kern County, California.

9. Platinum is informed and believes, and thereon alleges, that Defendant Rosa Maria Luna ("Rosa Luna") is a resident of Kern County, California.

10. Platinum is informed and believes, and thereon alleges, that Defendant Luna Enterprise Construction Inc. is a California corporation with its principal place of business in Los Angeles County, California.

11. Platinum is informed and believes, and thereon alleges, that Defendant Royal Enterprise Construction Inc. is a California corporation with its principal place of business in Los Angeles County, California.

12. Platinum is informed and believes, and thereon alleges, that Defendant Royal Moon Pools Inc. is a California corporation with its principal place of business in Kern County, California.

13. Platinum is informed and believes, and thereon alleges, that Defendant RR & Sons Concrete Corp., is a California corporation with its principal place of business in Kern County, California.

14. On information and belief, Defendants Luna Enterprise Construction Inc.; Royal Enterprise Construction Inc.; Royal Moon Pools Inc.; RR & Sons Concrete Corp.; Jose Luna Perez; Reyna Maria Luna; Rosa Maria Luna; and Does 1-20, inclusive, (collectively "the Alter Ego Defendants") are individuals or entities that own or control the assets of Luna Custom Pools. Platinum is further informed and believes, and thereon alleges, that at all material times, a unity of interest and ownership existed between Luna Custom Pools, on the one hand, and the Alter Ego Defendants, on the other hand, such that the individuality and separateness of the Alter Ego Defendants and Luna Custom Pools ceased to exist, and the Alter Ego Defendants became and continue to be the alter ego of Luna Custom Pools.

15. Platinum is further informed and believes, and thereon alleges, that at all material times the Alter Ego Defendants (a) dominated, influenced, and controlled the business, property and affairs of Luna Custom Pools; (b) intermingled the assets of Luna Custom Pools to suit the convenience of the Alter Ego Defendants; (c) used the assets of Luna Custom Pools for their individual and independent business use; and (d) withdrew the assets and funds of Luna Custom Pools for the individual and independent business use.

16. Adherence to the fiction of the separate existence of the Alter Ego Defendants as entities distinct from Luna Custom Pools would permit an abuse of the corporate privilege and would sanction fraud or promote injustice in that Luna Custom Pools and the Alter Ego Defendants could escape liability for conduct alleged in this Complaint.

## JURISDICTION AND VENUE

17. This court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), in that this is a civil action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of costs and interest.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because one or more Defendants resides in this district.

## FACTUAL BACKGROUND

19. Platinum purchased the accounts receivable of Luna Custom Pools on eight occasions. At issue here are three of those purchases.

20. On or about January 29, 2018, Luna Custom Pools entered into a Merchant Agreement with Platinum, whereby Luna Custom Pools sold $852,000 of its future accounts receivable to Platinum for an up-front cash advance of $600,000 from Platinum (the "First Merchant Agreement"). A copy of the First Merchant Agreement is attached hereto as **Exhibit A.**

21. On or about May 26, 2018, Luna Custom Pools entered into a second Merchant Agreement with Platinum, whereby Luna Custom Pools sold $710,000 of its future accounts receivable to Platinum for an up-front cash advance of $500,000 from Platinum (the "Second Merchant Agreement"). A copy of the Second Merchant Agreement is attached hereto as **Exhibit B.**

22. On or about July 25, 2018, Luna Custom Pools entered into a third Merchant Agreement with Platinum, whereby Luna Custom Pools sold $213,000 of its future accounts receivable to Platinum for an up-front cash advance of $150,000 from Platinum (the "Third Merchant Agreement"). A copy of the Third Merchant Agreement is attached hereto as **Exhibit C.**

23. Pursuant to the three Merchant Agreements at issue here, Platinum purchased, and was the sole owner of, $1,775,000 of Luna Custom Pools' future revenue and accounts receivable. Each of the three Merchant Agreements was executed by Jose Roberto Luna Perez, identified as the "Owner" of Luna Custom Pools.

24. On or about September 11, 2018, Luna Custom Pools defaulted on each of the Merchant Agreements by failing to pay Platinum from its accounts receivable.

25. On or about September 20, 2018, Luna Custom Pools ceased communicating with Platinum regarding its failure to make the payments owed.

### The Alter Ego Defendants Share Offices and Corporate Officers

26. Defendants Luna Custom Pools, Luna Enterprise Corporation, RR & Sons Concrete Corp., and Royal Moon Pools, Inc. all share the same address in Rosamond, California. Defendants Jose Luna Perez, Reyna Luna (Mr. Perez's wife), and Rosa Luna (potentially an alias for Reyna Luna) are all listed in California Secretary of State filings as corporate officers of these companies.

### Luna Custom Pools

27. On or about August 1, 2012, Jose Luna Perez filed the Articles of Incorporation for Luna Custom Pools. The address for Luna Custom Pools was listed as 2603 Cold Creek Avenue, Rosamond, California 93560.

### Luna Enterprise Construction

28. On or about June 9, 2017, Jose Luna Perez filed the Articles of Incorporation for Luna Enterprise Construction. Luna Enterprise Construction was formed just ten days before Luna Custom Pools obtained $500,000 from Platinum pursuant to a merchant agreement. Just like Luna Custom Pools, the address for Luna Enterprise Construction was listed as 2603 Cold Creek Avenue, Rosamond, California 93560.

29. On or about August 11, 2017, Luna Enterprise Construction filed its Statement of Information with the Secretary of State. That Statement of Information listed Jose Luna Perez as the Chief Executive Officer and Reyna Luna as the Chief Financial Officer and Secretary.

30. On or about August 17, 2018, a Statement of Information for Luna Enterprise Construction was filed and its address was changed to 1008 W. Ave M14 Suite F, Palmdale, California. Upon information and belief, this address is a virtual office.

31. On or about October 3, 2018, the same day a $154,000 judgment was entered against it in New York by nonparty Fox Capital, Luna Enterprise Construction changed its name to Royal Enterprise Construction.

### R&R Sons Concrete Corp.

32. On or about August 28, 2017, Reyna Luna filed the Articles of Incorporation for a new entity called RR & Sons Concrete Corp. Exactly one month later, Jose Luna Perez and Luna Custom Pools received another $350,000 from Platinum.

33. On or about September 20, 2017, a Statement of Information for RR & Sons Concrete Corp. was filed, listing Reyna Luna as Chief Executive Officer and Jose Luna Perez was listed as Chief Financial Officer. The address was the same as both Luna Custom Pools and Luna Enterprise Construction: 2603 Cold Creek Avenue, Rosamond, California 93560.

### Royal Moon Pools, Inc.

34. On or about March 20, 2018, Reyna Luna filed the Articles of Incorporation for a company known as Royal Moon Pools, Inc., also listing 2603 Cold Creek Avenue as the address. One week later, Luna Custom Pools received $500,000 pursuant to the Second Merchant Agreement.

35. On or about April 24, 2018, Reyna Luna filed the Statement of Information for Royal Moon Pools, Inc., listing Jose Luna Perez as Secretary, Rosa Luna as the Chief Financial Officer, and Reyna Luna as the President and the Chief Financial Officer.

### Luna Custom Pools and the Other Defendants are Alter Egos of Each Other

36. Platinum is informed and believes, and thereon alleges, that Luna Custom Pools and the Alter Ego Defendants acted with such unity of interest that they rendered themselves as alter egos such that their separate personalities no longer exist. The failure to disregard the Alter Ego Defendants' corporate

"structure" would result in fraud and injustice by allowing them to retain the spoils of their improper actions.

37. Platinum is informed and believes, and thereon alleges, that Luna Custom Pools transferred its assets to the Alter Ego Defendants in an attempt to avoid paying Platinum the amounts owed from Luna Custom Pools' accounts receivable. The assets transferred may include, but are not limited to, accounts receivable, customer records, office furniture, inventory, invoices, employees, good will, and equipment.

38. Platinum is informed and believes, and thereon alleges, that Jose Roberto Luna Perez has inadequately capitalized Luna Custom Pools or has diverted business opportunities from it.

39. Platinum is informed and believes, and thereon alleges, that Luna Custom Pools did not receive adequate consideration for the assets it transferred to the Alter Ego Defendants.

40. Platinum is informed and believes, and thereon alleges, that the Alter Ego Defendants have started businesses that are the same or similar to that of Luna Custom Pools.

41. On or about August 6, 2018, Jose Luna Perez and Reyna Luna purchased a single-family residence in Rosamond, California for $325,000.

42. On or about September 11, 2018, less than a month after purchasing the single-family residence, Luna Custom Pools defaulted on the three Merchant Agreements by failing to make payments when due. One day after these defaults, Jose Luna Perez sold 2603 Cold Creek Avenue in Rosamond to a third party for only $130,000. Upon information and belief, the house is currently on the market for $310,000.

43. On or about October 3, 2018, a New York court entered judgment against Luna Enterprise Corporation and in favor of nonparty Fox Capital in the amount of $154,000. That same day, Renya Luna and Jose Luna Perez signed an

amendment to the Articles of Incorporation for Luna Enterprise Corporation, changing its name to Royal Enterprise Construction.

**Platinum Obtained New York State Judgments Against Luna Custom Pools**

44. On October 2, 2018, in New York Supreme Court, Platinum obtained a judgment of $374,901.25 against Luna Custom Pools for the breach of the Second Agreement ("Second Merchant Agreement Judgment").

45. On October 9, 2018, in New York Supreme Court, Platinum obtained a judgment of $199,246.91 against Luna Custom Pools for the breach of the Third Agreement ("Third Merchant Agreement Judgment").

46. Platinum is currently in the process of obtaining a judgment against Luna Custom Pools for breach of the Third Merchant Agreement.

47. Platinum intends to domesticate each of the Merchant Agreement Judgments in California pursuant to the Sister State Money-Judgments Act (CCP § 1710.10, *et seq.*).

## FIRST CAUSE OF ACTION

**(Fraudulent Conveyance—Actual Intent—Civil Code § 3439.04(a)—Against All Defendants)**

48. Platinum repeats and realleges all the allegations contained in Paragraphs 1 through 47, inclusive, in this Complaint and incorporates them by reference as though set forth in full.

49. Platinum is informed and believes, and thereon alleges, that Luna Custom Pools has improperly transferred assets to the Alter Ego Defendants with the actual intent to hinder, delay, or defraud creditors, including Platinum.

50. Pursuant to California Civil Code § 3439, *et seq.*, Platinum is informed and believes, and thereon alleges, that the transfer of the assets from Luna Custom Pools to the Alter Ego Defendants was designed and intended by them to enable Luna Custom Pools and the Alter Ego Defendants to shield assets from their creditors, including Platinum.

51. Platinum is informed and believes, and thereon alleges, that Luna Custom Pools and the Alter Ego Defendants have systematically and improperly transferred or otherwise disposed of their respective assets for their own use and benefit, either without adequate consideration being paid or received or without the legal right to do so. Luna Custom Pools and the Alter Ego Defendants have deliberately attempted to conceal these transfers and dispositions from their creditors, including Platinum, in derogation of the rights and interests of those creditors.

52. Platinum is informed and believes, and thereon alleges, that these transfers and acquisitions were made by Luna Custom Pools and the Alter Ego Defendants with the actual intent to hinder, delay or defraud their existing and future creditors by depriving them of assets from which their claims could be satisfied.

53. Platinum is informed and believes, and thereon alleges, that Luna Custom Pools and the Alter Ego Defendants at times and places peculiarly within their own knowledge, conspired with each other, and with non-parties to this action, to hinder, delay or defraud Platinum, by, among other things, acquiring and transferring Luna Custom Pools' assets without providing reasonably equivalent value and with the knowledge and intent that such acquisitions and transfers would keep and deprive Luna Custom Pools' assets from its creditors.

54. As a proximate result of this conduct, Platinum has been damaged in an amount to be proven at the time of trial but reasonably believed to be more than $1,775,000, including interest.

55. Defendants' conduct was willful, despicable, and malicious, and warrants the imposition of exemplary damages against them in an amount sufficient to deter them from such wrongful conduct in the future.

///

///

- 10 -
COMPLAINT

## SECOND CAUSE OF ACTION

### (Fraudulent Conveyance—Lack of Equivalent Value—Civil Code § 3439.04(b)—Against All Defendants)

56. Platinum repeats and realleges all the allegations contained in Paragraphs 1 through 55, inclusive, in this Complaint and incorporates them by reference as though set forth in full.

57. Platinum is informed and believes, and thereon alleges, that the transfers of assets from Luna Custom Pools to the Alter Ego Defendants did not occur with adequate consideration for them. Upon information and belief, Luna Custom Pools either received no value for these transfers or the value it received was not reasonably equivalent to the benefits obtained by the Alter Ego Defendants.

58. At the time that it made these transfers, Luna Custom Pools knew, or reasonably should have known, that, after these transfers, it would be unable to pay its debts as they became due.

59. As a proximate result of these improper transfers, Luna Custom Pools was left with unreasonably small capital or accounts receivable and was in fact rendered unable to make payments owed, including those owed to Platinum.

60. As a further proximate result of this conduct, Platinum has been damaged in an amount to be proven at the time of trial but reasonably believed to be more than $1,775,000, including interest.

61. Defendants' conduct was willful, despicable, and malicious, and warrants the imposition of exemplary damages against them in an amount sufficient to deter them from such wrongful conduct in the future.

## THIRD CAUSE OF ACTION

### (Successor Liability—Against All Defendants)

62. Platinum repeats and realleges all the allegations contained in Paragraphs 1 through 61, inclusive, in this Complaint and incorporates them by reference as though set forth in full.

63. Platinum is informed and believes, and thereon alleges, that:

   a. There was an express or implied agreement of assumption between Luna Custom Pools and the Alter Ego Defendants of the liabilities to Platinum;

   b. The transaction(s) by which the Alter Ego Defendants received the assets of Luna Custom Pools amounted to a consolidation or merger of these entities;

   c. The Alter Ego Defendants are a mere continuation of Luna Custom Pools;

   d. The alleged transfer of assets from Luna Custom Pools to the Alter Ego Defendants was for the fraudulent purpose of escaping liability for Luna Custom Pools' debts, particularly the debts under the First, Second, and Third Merchant Agreements.

64. The Alter Ego Defendants, as Luna Custom Pools' successor under the doctrine of successor liability, are liable for the damages suffered by Platinum from Luna Custom Pools' breaches of the First, Second, and Third Merchant Agreements.

65. As a result of the breaches of the Merchant Agreements by Luna Custom Pools and its "successors" for purposes of successor liability, the Alter Ego Defendants, Platinum has been damaged in an amount to be proven at the time of trial but reasonably believed to be more than $1,775,000, including interest.

## FOURTH CAUSE OF ACTION
### (Civil Conspiracy—Against All Defendants)

66. Platinum repeats and realleges all the allegations contained in paragraphs 1-65, inclusive, in this Complaint and incorporates them by reference as though set forth in full.

67. A civil conspiracy exists where there is the formation and operation of a conspiracy and the plaintiff suffers damage from an act or acts done in

furtherance of the conspiracy's common design. Here, the Alter Ego Defendants have formed and operated a conspiracy to transfer assets from Luna Custom Pools for the purpose of escaping liability for Luna Custom Pools' debts to Platinum under the First, Second, and Third Merchant Agreements. Each of the Alter Ego Defendants made one or more overt acts in furtherance of this conspiracy.

68. Platinum has been harmed and suffered damages as a result of the Alter Ego Defendants' acts in furtherance of this conspiracy and is entitled to recover damages, and interest thereon, in an amount and scope to be determined at trial.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief—Against All Defendants)

69. Platinum repeats and realleges all the allegations contained in paragraphs 1-68, inclusive, in this Complaint and incorporates them by reference as though set forth in full.

70. For all the reasons set forth herein, there exists an actual dispute and controversy between Platinum and the Alter Ego Defendants concerning the identity of the judgment debtors in the New York Judgments mentioned above.

71. Specifically, Platinum alleges that the Alter Ego Defendants are properly judgment debtors under the New York state judgments.

72. Accordingly, Platinum seeks a declaration from this Court that the Alter Ego Defendants are legally responsible for satisfying the New York Judgments entered against Luna Custom Pools.

73. Such a declaration will prevent or limit any future controversies regarding the enforcement and collection of the New York Judgments entered against Luna Custom Pools.

///

///

///

- 13 -

COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Platinum requests the Court grant it the following relief:

1. For general and specific damages according to proof at time of trial;
2. Punitive and exemplary damages and interest therein;
3. Orders attaching and impounding funds improperly transferred from or expended by Luna Custom Pools and the Alter Ego Defendants;
4. Preliminary and permanent injunctions enjoining Defendants from further transfers or dissipation of assets;
5. Reasonable attorney's fees and costs incurred therein, and interest; and
6. For such other and further relief as the court may deem proper.

Dated: January 25, 2019

WILLIAM A. MOLINSKI
DAVID P. FUAD
KRISTOPHER L. PEERALI
Orrick, Herrington & Sutcliffe LLP

By: /s/ William A. Molinski
WILLIAM A. MOLINSKI
Attorneys for Plaintiff
PLATINUM RAPID FUNDING GROUP LTD.

## JURY DEMAND

Platinum demands a trial by jury on all issues triable by a jury.

Dated: January 25, 2019

WILLIAM A. MOLINSKI
DAVID P. FUAD
KRISTOPHER L. PEERALI
Orrick, Herrington & Sutcliffe LLP

By: /s/ William A. Molinski
WILLIAM A. MOLINSKI
Attorneys for Plaintiff
PLATINUM RAPID FUNDING GROUP LTD.